RESOLUCIÓN
Examinado el Recurso de Certificación Intrajurisdiccional presentado por el peticionario de epígrafe, se declara “con lugar”. Art. 3.002(e) de la Ley Núm. 201-2003 (4 LPRA sec. 24y); Regla 52.2(d) de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. Véase AMPR et als. v. Sist. Retiro Maestros IV, 190 DPR 469 (2014). Consecuentemente, conforme con la Regla 23(b)(2) del Reglamento del *450 Tribunal Supremo de Puerto Rico, 4 LPRAAp. XXI-B, el caso pasa en su totalidad a la atención de este Tribunal.
A la Urgente Moción en Oposición a Recurso de Certificación, presentada por el Estado Libre Asociado de Puerto Rico, se provee “no ha lugar”.
Por otro lado, se paralizan los efectos de la Ley Núm. 109-2014 hasta tanto otra cosa disponga este Tribunal. Regla 57.3 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V. Véase AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88 (2014) (Resolución).
Se le concede a la parte peticionaria hasta el 6 de agosto de 2014 para acreditar a este Tribunal que emplazó a las partes recurridas. Una vez se acredite esa gestión, las partes contarán con un término de diez (10) días naturales contados a partir de la notificación a este Tribunal para presentar alegaciones responsivas, incluso sus respectivos alegatos.

Notifíquese inmediatamente por correo electrónico, fax o teléfono, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres emitió un voto de conformidad, al que se unieron la Jueza Asociada Señora Pabón Charneco, el Juez Asociado Señor Kolthoff Caraballo, el Juez Asociado Señor Rivera García y el Juez Asociado Señor Feliberti Cintrón. La Juez Asociada Señora Rodríguez Rodríguez emitió un voto particular disidente. La Jueza Asociada Oronoz Rodríguez emitió un voto particular disidente, al que se unieron la Jueza Presidenta Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

*451 Voto de conformidad emitido por el
Juez Asociado Señor Martínez Torres, al que se unieron la Jueza Asociada Señora Pabón Charneco y los Jueces Asociados Señor Kolthoff Caraballo, Señor Rivera García y Señor Feliberti Cintrón.
Estoy conforme con la Resolución que antecede. En AMPR et als. v. Sist. Retiro Maestros II, 190 DPR 88 (2014), dejamos claro que el Poder Judicial tiene facultad para emitir un injunction cuando una demanda contiene alegaciones tan serias y sustanciales que ameritan adjudicarse. Véase, además, R. Hernández Colón, Derecho procesal civil, 5ta ed., Lexis-Nexis, 2010, pág. 359.
En primer lugar, en este caso se alega que la ley impugnada (P. de la C. 1366) atenta contra el poder inherente de reglamentación de la profesión legal sobre la cual este Foro tiene primacía. Véanse: In re Rodríguez Zayas, 190 DPR 796 (2014); In re Figueroa Vivas, 182 DPR 347 (2011); In re Gervitz Carbonell, 162 DPR 665, 699 (2004); In re Bosch, 65 DPR 248 (1945); Ex parte Jiménez, 55 DPR 54 (1939).
En segundo lugar, se desprende de la demanda juramentada que en este caso se invocan importantes derechos civiles de los abogados, incluyendo el demandante (derecho de expresión y de asociación), que requieren nuestra atención inmediata.
Como mencionamos en AMPR et als. v. Sist. Retiro Maestros II, supra, es innecesario celebrar una vista evidenciaría como requisito previo para emitir un injunction preliminar cuando no existen controversias de hechos materiales. Luego de analizar con detenimiento el expediente de este caso, es forzoso concluir que la demanda presentada contiene alegaciones serias y sustanciales de derecho que ameritan la expedición del injunction preliminar para suspender los efectos de la ley impugnada. Véase *452 AMPR et als. v. Sist. Retiro Maestros II, supra. Aquí se alegó bajo juramento que la ley impugnada priva a la parte demandante de derechos reconocidos por la Constitución de Puerto Rico, por lo que aplica la excepción que establece el Art. 678 del Código de Enjuiciamiento Civil, 32 LPRA see. 3524.
Ante este cuadro, es risible la alegación que hace la Procuradora General en la pág. 4 de su oposición al señalar que emitir esta orden, sin vista previa, le viola al Estado su derecho a un debido proceso de ley. Oposición procurador general, pág. 4. Hasta un estudiante de primer año de derecho sabe que “[l]os derechos constitucionales que recoge la Carta de Derechos le asisten a los individuos frente al estado, no viceversa. Estos derechos no pueden extenderse al Gobierno”. Mun. Fajardo v. Srio. Justicia et al., 187 DPR 245, 262 (2012). Véase, además, P.P.D. v. Gobernador II, 136 DPR 916, 923 (1994). Los derechos civiles pertenecen a los ciudadanos para protegerlos, precisamente, del Estado. íd.
Además, en su moción en oposición, “la Procuradora General no ha impugnado ninguna de las alegaciones juramentadas que han hecho los peticionarios en este caso. Así, pues, no creó una controversia fáctica que impidiera la emisión de nuestra orden provisional de paralización”. AMPR et als. v. Sist. Retiro Maestros II, supra, pág. 507.
Para finalizar, debe quedar claro que el proceso que he-mos pautado no coarta el derecho de la disidencia a expresar su sentir por escrito. Véase Regla 5(b) de nuestro Reglamento, 4 LPRAAp. XXI-B. Este calendario acelerado es necesario para proteger los intereses importantes, cuya posible violación se alega en la demanda jurada, y para defender la independencia de esta Rama Judicial que los padres fundadores de la Constitución nos encomendaron y que tenemos que salvaguardar con el mayor celo y compromiso. ¿Cuál es el “abuso”? ¿Proteger los derechos de *453 los abogados y las facultades constitucionales de este Tribunal o la ley que recién se aprobó y ahora se impugna? Frente a lo aquí planteado, no hay que quejarse de cuántas horas se dieron para emitir la Resolución de hoy. De hecho, se concedió el doble de las tres horas que se le dieron a los Jueces Asociados Señores Rebollo López, Corrada Del Río y Rivera Pérez en Suárez v. C.E.E. I, 163 DPR 347 (2004), para expresar su disidencia a la decisión que adjudicó las elecciones del 2004. Véase Domínguez Castro et al. v. E.L.A. I, 178 DPR 1, 162 (2010), voto particular del Juez Asociado Señor Rivera Pérez.
Al leer la disidencia, el lector podría pensar que lo que se pretende es que se lea El Quijote en seis horas. En realidad lo que hay que leer es un recurso de certificación de veintiocho páginas con un apéndice de cincuenta y un folios, más una oposición de cinco páginas. Lo demás es cuestión de conocer el derecho y aplicarlo. En otras palabras, es cuestión de dedicarse a trabajar, porque para eso el Pueblo nos paga. No estamos aquí para hacernos de la vista larga ante alegaciones plausibles de violaciones de derechos ni para claudicar ante la posible usurpación de las facultades que la Constitución le delegó a este Tribunal. Eso es lo que diferencia el trámite de este recurso en comparación con lo que hicimos en Col. de Abogados v. E.L.A., 181 DPR 135 (2011). Como explicamos entonces, ninguna de las leyes impugnadas entonces “usurpó el poder de este Tribunal para reglamentar la profesión de la abogacía en Puerto Rico” y “toda vez que la legislación que nos ocupa va dirigida a hacer voluntaria la membresía en el Colegio de Abogados de Puerto Rico” “no [era] necesaria nuestra intervención”. íd., págs. 136-137. Ahora se alega que estamos ante la situación contraria. No podríamos exigir que otros respeten nuestras facultades constitucionales si nosotros mismos no lo hacemos. Si eso no requiere nuestra atención urgente, entonces seríamos el tribunal más inútil *454 de Puerto Rico. Si a esa irrelevancia es a la que aspira el bloque disidente, mi única respuesta es la del proverbio chino:“cuidado con lo que deseas”.